## Gardner, &c. v. Moss, &c.

Motion overruled without prejudice to a motion in the Circuit Court for the relief indicated.

Infants—Guardian Ad Litem—Alowance to Guardian—Executor's lowance to the guardian ad litem of a minor for services must be made by the court appointing him to cover not only his services in the trial court but also those rendered on appeal.

2. Same—Where a partial allowance has been made to a guardian ad litem to cover his services in the trial court, a further al-

Gardner, &c. v. Moss, &c.

lowance may be made to cover services thereafter rendered.

3. Executors—Fees.—Where an executor had reasonable grounds to take an appeal from a decree denying probate of the will, he was entitled to his necessary reasonable counsel fees in the Supreme Court as well as in the circuit court, and to his necessary costs on appeal, to be paid out of the estate.

WHITE & RAY and JOHN M. BRUMMEL for the motioner.

BENNETT, ROBBINS & THOMAS for the respondent.

Opinion by Chief Justice Hobson—Overruling Motion.

Appellants have entered a motion for an allowance of a reasonable fee to the executor for the services of his attorneys in this court in his effort to probate the will; also for an allowance to the guardian ad litem for his services in this court; and for a retaxation of the cost so as to include these sums, the whole to be ordered paid out of the estate.

The rule is that the allowance to the guardian ad litem must be made by the court appointing him; and that the allowance must be made by it to cover, not only his services in that court, but in this. Cochran v. Lee, 87 S. W. 769, 27 Ky. Law Rep. 1038. If a partial allowance has been made him to cover his services in that court, a further allowance may be made to cover his services since rendered, and if the case is off the docket, notice should be given of the application for the allowance to the parties in interest. The executor is entitled to his necessary reasonable counsel fees in this court no less than in the circuit court, and these, like his other cost on the appeal, should be paid out of the estate in his hands. He had reasonable grounds to take the appeal, as evidenced by the equal division of this court on the appeal, and is entitled to his cost in his reasonable efforts to probate the will under which he acted. But this matter, like the allowance to the guardian ad litem, should be settled first in the circuit court, and not in this court. The taxed cost in

this court, so far as it falls on the executor and
curator , will be paid by him out of the estate of the
decedent in his hands as such, and he will be credited
therefor in his settlement.   The judgment for costs
has become final,   and cannot now be modified; as the
cost was adjudged against appellants jointly, each
party appellant must bear his part of the burden; the
executor's part will be paid by him out of the estate
generally, and if he pays more for one of the distribu-
tees, it will be so charged in the settlement of the es-
tate.

Appellant's motion is therefore overruled, but with-
out prejudice to a motion in the circuit court for the
relief indicated.